(November 1, 1911.)

G. O. DART, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF KOOTENAI COUNTY, Appellant.

[119 Pac. 52.]

CONSTITUTIONAL AND STATUTORY CONSTRUCTION—LEVY OF TAXES—BOARD OF COUNTY COMMISSIONERS.

(Syllabus by the court.)

1. The provisions of sec. 65 of an act providing a code of laws on education for the public school system of Idaho, etc., 1911 Sess. Laws, p. 483, requiring the board of county commissioners to levy a tax of not less than five mills nor more than ten mills on each dollar of taxable property in the county for school purposes, *held,* constitutional and mandatory.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Appeal from an order of the county commissioners whereby the board made a tax levy of 2.45 mills for public school purposes. On appeal to the district court the order was reversed, and judgment for the plaintiff was entered. Judgment *affirmed.*

N. D. Wernette, and Elder & Elder, for Appellant.

It is not competent for the legislature to delegate its powers of taxation wholly or in part to either of the other departments of government, or to any individual, private corporation, officer, board or commissioner. (*Houghton v. Austin,* 47 Cal. 646; *Meriwether v. Garrett,* 102 U. S. 472, 26 L. ed. 197; *James v. U. S. Fidelity etc. Co.,* 133 Ky. 299, 117 S. W. 406; *Hovey v. Wyandotte Co.,* 56 Kan. 577, 44 Pac. 17; *State v. Ashbrook,* 154 Mo. 375, 77 Am. St. 765, 55 S. W. 627, 48 L. R. A. 265; 1 Sutherland, Stat. Const., p. 145; *Oswego etc. R. R. Co. v. Todd,* 91 Ky. 175, 15 S. W. 56, 11 L. R. A. 285.)

The principle of home rule is now generally established by constitutional provisions. The legislature may levy taxes only for state purposes, taxes for the use of municipal corporations being left entirely within the control of the municipality. (*Hauser v. Miller,* 37 Mont. 22, 94 Pac. 197; *State v. Ashbrook,* 154 Mo. 375, 77 Am. St. 765, 55 S. W. 627, 48 L. R. A. 265; *State v. St. Louis,* 216 Mo. 47, 115 S. W. 534; *Chicago v. Wolfe,* 221 Ill. 130, 77 N. E. 414; *Fatjo v. Pfister,* 117 Cal. 83, 48 Pac. 1012.)

Our constitution is clear on this point, and it was the intention that local taxation should be left to the local authorities.

Whitla & Nelson, for Respondent.

The legislature has authority to provide for the levy of this tax in the manner which it has done, by the county commissioners between the limits of five and ten mills. (*Visalia Savings Bank v. City of Visalia,* 153 Cal. 206, 94 Pac. 888.)

The legislature must always prescribe the rule under which the taxation is imposed. (*Macklin v. Trustees,* 88 Ky. 592, 11 S. W. 657; *Board of Education v. Board of Trustees,* 129 Cal. 599, 62 Pac. 173.)

The legislature of the state has all the power of legislation that belongs to or resides in the people, except when restricted by express provisions or necessary implication in the constitution. (*State v. Mayor of Bristol,* 109 Tenn. 315, 70 S. W. 1031.)

Statutes authorizing and directing a board of trustees or county commissioners, or other district officers, to levy a tax of not greater than a certain sum for school districts, have been sustained by every court that has been called to pass upon the same where there was no constitutional provision explicitly prohibiting. (*Shepardson v. Gillett,* 133 Ind. 125, 31 N. E. 788; *Kent v. Town of Kentland,* 62 Ind. 291, 30 Am. Rep. 182; *Robinson v. Schenck,* 102 Ind. 307, 1 N. E. 698.)

SULLIVAN, J.—This is an appeal from the order of the board of county commissioners levying 2.45 mills on every dollar of taxable property in Kootenai county for general school purposes. An appeal was taken from that order to the district court, where, after some proceedings in said court, the county commissioners filed their answer whereupon the plaintiff moved for judgment on the pleadings. Said motion was granted and judgment entered in favor of the plaintiff, from which judgment this appeal is prosecuted.

The determination of this case depends upon a proper construction of sec. 65 of an act providing a code of laws on education for the public school system of Idaho, Sess. Laws 1911, p. 483. Upon the authority of the case of *Fenton v. Board of County Commissioners of Ada County,* decided at this term of this court, *ante,* p. 392, 119 Pac. 41, wherein it was held that the provisions of said section were constitutional and mandatory, the judgment of the lower court must be *affirmed,* and it is so ordered.

It will not be necessary in this opinion for us to discuss at any length the various questions raised, as they are fully disposed of in the case above cited and referred to.

Costs of this appeal are awarded to the respondent.

Stewart, C. J., concurs.

AILSHIE, J.—For the reasons stated by me in *Fenton v. Board,* I dissent from the opinion of my associates in this case.